

SO ORDERED.

SIGNED this 17 day of November, 2010.

_Stephani W. Humrickhouse_
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                    CASE NO.

**CHRISTOPHER LAMONT BUTLER**                **10-04759-8-SWH**
**TONYETT HARVEY BUTLER**

     **DEBTORS**


### ORDER REGARDING MOTION TO DISMISS AND OBJECTION TO CLAIM

     The matters before the court are the chapter 13 trustee's motion to dismiss the debtors' case and the debtors' objection to the claim of US Bank.  A hearing took place on November 16, 2010, in Raleigh, North Carolina.

     Christopher Lamont Butler and Tonyett Harvey Butler filed for relief under chapter 13 of the Bankruptcy Code on June 14, 2010 without the assistance of counsel.  On July 22, 2010, the trustee filed a motion to dismiss the debtors' case on several grounds, including failure to appear at the § 341 meeting of creditors, lack of feasibility of the debtors' plan of reorganization, failure to make plan payments, failure to propose the plan in good faith, and failure to submit a number of required items needed to verify the debtors' income.  Although the trustee's motion was scheduled for hearing on September 22, 2010, the matter was continued to allow the debtors more time to acquire counsel.

To date, however, the debtors have not been able to obtain counsel willing to take their case on their terms.  The trustee contends that although some of the missing items have been supplied, other significant grounds for dismissal remain, including a failure to propose a plan in good faith and the proposed plan's lack of feasibility.  Specifically, the debtors' plan indicates a mortgage debt to US Bank, but does not provide for any payment of such debt.  The debtors contend that US Bank is an improper assignee and therefore does not hold a lien on their residence.  The court notes, however, that even if the debt is unsecured, US Bank still has an unsecured claim that must be addressed by the plan.  The trustee contends that if the excess equity in the home were included in the unsecured debt pool, the plan payments necessary to comport with § 1325(a)(4) would far exceed that which the debtors have the ability to pay, according to the schedules and financial documents that have been submitted.

This is the debtors' third bankruptcy case since 2009.  Under § 362(c)(3)(C)(i)(II)(cc), because the debtors' last case was dismissed within the last year for failure to make plan payments, the presumption arises that the case was not filed in good faith.  The court finds that although the debtors desire to succeed in their bankruptcy case, they are not able to rebut the presumption at this time.  Based on the existence of the mortgage debt, whether secured or unsecured, the debtors' plan as filed does not comply with the Code, as it does not provide for any payment toward this debt.  Even if the plan was modified to include such payment, the debtors' scheduled income would be insufficient to fund the plan payments.

The court therefore concludes that cause exists to dismiss the debtors' case.  The trustee's motion is **ALLOWED** without prejudice.  The debtors' objection to the claim of US Bank is accordingly **DENIED** as unnecessary.

**SO ORDERED**.

**END OF DOCUMENT**